IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THERESE A. BAUMHOWER, | ) | CASE NO. 3:18 CV 0098 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

# Introduction

Before me[1] is an action by Therese A. Baumhower under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").[2] For the reasons set forth below, I affirm the Commissioner's no disability finding.

# Analysis

Baumhower asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Baumhower presents the following issues for judicial review:

- Whether the ALJ failed to appropriately evaluate all alleged impairments and/or documented diagnoses, including evaluation of

---

[1] ECF No. 9. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

symptoms and/or treatment that may be related back to expiration of the date last insured.

- Whether the ALJ failed to follow Social Security rules and regulations regarding the evaluation of Baumhower's pain and the assessment of Baumhower's limitations.

**A.    Step Two argument**

Baumhower argues that the ALJ should have found additional mental and physical impairments severe. While the standard at Step Two is considered a "*de minimis* hurdle" designed to weed out "totally groundless claims,"[3] it is also true that, as here, any error in failing to find an impairment to be severe at Step Two constitutes harmless error when the analysis proceeds to the next steps in the sequential evaluation and all impairments, severe and non-severe, are considered.[4]

**B.    Step Four argument**

As the Social Security Administration has recognized in a policy interpretation ruling on evaluating symptoms in disability claims,[5] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the intensity, persistence, and limiting effects of her symptoms will be considered with other

---

[3] *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (internal quotation and citations omitted).
[4] *Id.*
[5] Social Security Administration, Social Security Ruling ("SSR") 16-3p, Evaluation of Symptoms in Disability Claims, 2017 WL 5180304 (Oct. 25, 2017).

relevant evidence in deciding disability.[6] The regulations make the same point.[7]

The regulations also set forth factors that the ALJ should consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[8]

Importantly, evaluation of subjective symptoms is not an assessment of the claimant's character or truthfulness.[9] Instead, the ALJ's examination must focus on "whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the [claimant]'s symptoms and given the [ALJ]'s evaluation of the [claimant]'s symptoms, whether the intensity and persistence of the symptoms limit the [claimant]'s ability to perform work-related activities . . . ."[10] The Social Security Ruling makes clear that "[t]he determination or decision must contain

---

[6] *Id.* at *6 ("If we cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion . . . . We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and other evidence.").

[7] 20 C.F.R. § 416.929(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements."). The regulations governing supplemental security income and disability insurance benefits are substantially similar and may be used interchangeably.

[8] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[9] SSR 16-3p at *11.

[10] *Id.*

3

specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."[11]

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. A court may not disturb the ALJ's "analysis and the conclusions drawn from it – formerly termed a credibility determination –" absent compelling reason.[12]

Baumhower's briefs essentially ask the Court to reweigh the evidence, which it may not do. While Baumhower argues that the ALJ failed to consider her testimony that her medication causes drowsiness and affects her balance at times,[13] the ALJ cited specific evidence in the record to support his findings regarding medication side effects.[14] The ALJ went through the evidence relevant to other regulatory factors, including activities of daily living and course of treatment, and again supported his findings with citations to evidence in the record.[15] Under the deferential standard afforded to the ALJ's evaluation of subjective symptoms, the ALJ's determination must be affirmed.

---

[11] SSR 16-3p at *10.
[12] *Robinson v. Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2437560, at *9 (E.D. Mich. May 8, 2018) (citing *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011); *Warner v Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)), *report and recommendation adopted by* 2018 WL 2431689 (E.D. Mich. May 30, 2018).
[13] ECF No. 13 at 9-10.
[14] ECF No. 11, Transcript ("Tr.") at 16-21.
[15] *Id.*

## Conclusion

Substantial evidence supports the Commissioner's finding that Baumhower had no disability.  Accordingly, the decision of the Commissioner denying Baumhower disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: March 20, 2019                              s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge